**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 18-3890 JB

JOSE RAMIREZ,

Defendant.

## MEMORANDUM OPINON AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss Indictment for Lack of Federal Jurisdiction, filed July 21, 2025 (Doc. 235)("MTD"). The Court holds a hearing on September 9, 2025. See Clerk's Minutes at 1, filed September 9, 2025 (Doc. 262). The primary issue is whether the Court should dismiss the case against Defendant Jose Ramirez, because the charged offenses do not involve interstate commerce sufficient to support federal jurisdiction. The Court concludes that it does not dismiss the case against Ramirez, because the charged offenses do involve interstate commerce sufficient to support federal jurisdiction.

## ANALYSIS

In general, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "An indictment need only meet minimal constitutional standards, and [the Court] determine[s] the sufficiency of an indictment by practical rather than technical considerations." United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Dashney, 117 F.3d at 1205. Notwithstanding the minimal Constitutional standards necessary for a sufficient indictment, a

defendant may file a pretrial motion alleging "a defect in the indictment . . . including: failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).

The Third Superseding Indictment, filed June 25, 2025 (Doc. 203), to which the MTD responds, charges Ramirez with conspiracy to commit kidnapping, kidnapping, carjacking, and interference with interstate commerce. See generally Third Superseding Indictment. All four charges contain a required interstate commerce jurisdictional hook.[1] The federal kidnapping statute, which encompasses conspiracy to commit kidnapping, requires that: (i) "the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary;" (ii) "or the offender travels in interstate or foreign commerce;" (iii) "or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1). The federal carjacking statute requires that a defendant "take a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce . . . ." 18 U.S.C. § 2119. Finally, the Hobbs Act statute penalizes "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce . . . ." 18 U.S.C. 1951(a).

Ramirez requests that the Court dismiss the indictment for lack of federal jurisdiction. See MTD at 6. Yet the entirety of Ramirez' argument rests upon the kidnapping charges, ignoring the carjacking and Hobbs Act charges entirely.

---

[1] "'[T]he Constitution does not grant the federal government a police power or a general authority to combat violent crime.'" United States v. Chavarria, 140 F.4th 1257, 1261 (10th Cir. 2025)("Chavarria")(quoting United States v. Patton, 451 F.3d 615, 618 (10th Cir. 2006)). "[T]he federal government's ability to punish crime arises only from its enumerated powers." Chavarria, 140 F.4th at 1261 (citing Cohens v. Virginia, 19 U.S. 264, 426 (1821)("Congress has a right to punish murder in a fort, or other place within its exclusive jurisdiction; but no general right to punish murder committed within any of the States.")). "One such power is the Constitution's Commerce Clause." Chavarria, 140 F.4th at 1261.

> Mr. Ramirez is accused of participating [in] a kidnapping of a New Mexico resident from his home in a New Mexico county, transport him (yes, in an automobile) to a different location in an adjacent New Mexico county, make a ransom demand (yes, using a mobile phone) of another person who was also in the general area of Albuquerque, New Mexico. Federalizing that conduct simply by alleging the use of pickup trucks and a mobile phone takes us to the end of the 'federalize everything' road. This case simply does not belong in federal court.

MTD at 5. Ramirez first makes a general attack on the current federalization of crimes, arguing that the Commerce Clause's expansion "usurps the states' authority to prosecute offenses committed in violation of state law, and has flooded federal courts with prosecutions of crimes committed entirely within state boundaries with no practical or reasonably demonstrable impact on actual commerce among the several states." MTD at 5. Ramirez also relies heavily on United States v. Chavarria, 140 F.4th 1257 (10th Cir. 2025)("Chavarria"), which holds that motor vehicles are not "always presumed to be instrumentalities of interstate commerce," when discussing the interstate commerce jurisdictional nexus in the federal kidnapping statute. Chavarria, 140 F.4th at 1265. Ramirez cites Chavarria for the following statement: "'Allowing the government to bring charges based on the use of any ordinary motor vehicle (here, a Jeep) to commit a purely intrastate crime would transform any crime that uses a vehicle into a federal matter.'" MTD at 4 (quoting Chavarria, 140 F.4th at 1259). Ramirez argues that the United States Court of Appeals for the Tenth Circuit's "expression of concern in that case applies with at least equal force in this one. As in that case, the offenses alleged to have been committed in this one were of a purely intrastate nature." MTD at 4.

The Court concludes that the indictment sufficiently alleges an interstate commerce jurisdictional nexus to sustain federal jurisdiction in this case. First, the Court notes that the holding in Chavarria is narrow, with the Tenth Circuit concluding only "that 'motor vehicles' -- an undefined, generic term -- are not per se instrumentalities of interstate commerce for purposes of

the federal kidnapping statute." 140 F.4th at 1268. In holding so, the Tenth Circuit explicitly does not decide whether "automobiles" are per se instrumentalities of interstate commerce for purposes of the federal kidnapping statute. 140 F.4th at 1264 n.14. Indeed, the Tenth Circuit distinguishes "motor vehicles" from "automobiles," observing that "[t]he terms are not coextensive" and that "'automobile' is considerably narrower than 'motor vehicle.'" 140 F.4th at 1264 n.14. Further, it appears that every United States Court of Appeals to address the issue holds that automobiles are per se instrumentalities of interstate commerce for purposes of 18 U.S.C. § 1201(a)(1). See e.g., United States v. Bryan, 159 F.4th 1274 (11th Cir. 2025)("We hold that automobiles, like Travis's truck, are per se instrumentalities of interstate commerce."); United States v. Protho, 41 F.4th 812 (7th Cir. 2022)("But we do not agree with Protho's view that the Commerce Clause asks us to consider each automobile's specific use in interstate commerce. Instead, it's the nature of the regulated object's class (here, automobiles) rather than the particular use of one member of that class (Protho's Ford Explorer) that matters."); United States v. Gonzales, No. 21-10631, 2022 WL 1421032 (5th Cir. May 5, 2022)("[W]e have recognized that the interstate nexus requirement for federal crimes is satisfied by, as pertinent here, the wholly intrastate use of an automobile,"); United States v. Cobb, 144 F.3d 319, 322 (4th Cir. 1998)(holding that "[c]ars, like trains and aircraft" are instrumentalities of interstate commerce, because they are "inherently mobile and indispensable to the interstate movement of persons and goods"); United States v. Windham, 53 F.4th 1006, 1011 (6th Cir. 2022)("[I]ntrastate use of a cell phone and automobile satisfies § 1201(a)'s interstate commerce requirements."); United States v. Oliver, 60 F.3d 547 (9th Cir. 1995)("[C]ars are themselves instrumentalities of commerce . . . ."). In Chavarria, the indictment alleges only that the defendants use a "motor vehicle" during the offense's facilitation, without "any details about how this kidnapping affected commerce in any way." 140 F.4th at 1259. The lack of detail in the

indictment means that the Tenth Circuit must conclude that every motor vehicle is an instrumentality of commerce for the indictment to be valid, which the Tenth Circuit declines to do. See Chavarria, 140 F.4th at 1259-60 ("The government argues the district court erred since motor vehicles are instrumentalities of interstate commerce. Defendants concede some are, but argue all are not, meaning this superseding indictment was insufficient as applied.")(emphasis in original). That the motor vehicle in Chavarria is an automobile, however, does not mean that Chavarria stands for the proposition that automobiles are not instrumentalities of commerce.

> The problem will always be the generality at which one defines the group an object belongs to. Protho resolved this by defining "automobiles" as the relevant class for analytical purposes. The government here goes a step farther by arguing the entire universe of motor vehicles is subject to federal regulation. That sort of gradual creep would inevitably grant Congress a general police power under its Commerce Clause authority.

Chavarria, 140 F.4th at 1267. The Court therefore concludes that Chavarria does not prevent the conclusion that an automobile is an instrumentality of interstate commerce sufficient to uphold federal jurisdiction under 18 U.S.C. § 1201(a)(1).

The Court does not need to rely, however, only on the use of an automobile to uphold federal jurisdiction for the kidnapping and conspiracy to kidnap charges. The Third Superseding Indictment lists as means, facilities, and instrumentalities of interstate and foreign commerce used in the commission of the crime:

> [T]he internet, a cell phone connected to the T-Mobile network, United States interstate highways, a check drawn on an account at the U.S. Bank, a wire used to transmit payment instructions between Albuquerque, New Mexico, and Guadalajara, Mexico, and a 2004 Ford Ranger pickup truck that was manufactured in Minnesota, purchased in New Mexico, affixed with an Arizona license plate, insured through an Arizona agent, and used by John Doe in his New Mexico business that engaged in interstate commerce.

Third Superseding Indictment at 1-2. First, the Court notes that Chavarria takes issue with concluding that motor vehicles are per se instrumentalities of commerce; even if that reasoning

extends to automobiles, here the indictment alleges demonstrated evidence that the automobile in question, the 2004 Ford Ranger pickup truck, is a "means to the end of commerce." Chavarria, 140 F.4th at 1268. This Ford Ranger pickup truck, unlike "many motor vehicles [which] are used only for non-commercial, intrastate purposes," Chavarria, 140 F.4th at 1267, is an instrumentality of interstate commerce, because the victim, John Doe, uses the vehicle "in his New Mexico business that engaged in interstate commerce." Third Superseding Indictment at 2. Further, the Court concludes that a cellphone, the internet, and interstate highways all constitute per se instrumentalities of interstate commerce. See United States v. Morgan, 748 F.3d 1024, 1031 (10th Cir. 2014)("The Defendants do not appeal the jury's determination that they used a cell phone, the Internet, or a GPS device to accomplish the abductions. Instead, Mr. Sanford and Mr. Ford argue the indictment's reliance on their use of any of these devices violates the Commerce Clause because the charged criminal activity all occurred intrastate. We disagree based on Supreme Court precedent."); Overstreet v. North Shore Corp., 318 U.S. 125, 129-30 (1943)("Vehicular roads and bridges are as indispensable to the interstate movement of persons and goods as railroad tracks and bridges are to interstate transportation by rail. If they are used by persons and goods passing between the various States, they are instrumentalities of interstate commerce."). Because the Third Superseding Indictment charges Ramirez with using "the internet, a cell phone connected to the T-Mobile network, [and] United States interstate highways," along with an automobile which is a means to the end of commerce, the Court concludes that the Third Superseding Indictment sufficiently alleges the use of an instrumentality of interstate commerce for the kidnapping charges. Third Superseding Indictment at 1-2.

Ramirez makes no argument why the Court should dismiss the carjacking charge and the Hobbs Act charge for lack of federal jurisdiction, other than his general argument that the expansion

of the Commerce Clause has usurped "the states' authority to prosecute offenses committed in violation of state law, and has flooded federal courts with prosecutions of crimes committed entirely within state boundaries with no practical or reasonably demonstrable impact on actual commerce among the several states." MTD at 5. Construing this argument as an argument that both the carjacking and the Hobbs Act statutes exceed Congress' authority under the Commerce Clause, the Court disagrees with this argument.

The Tenth Circuit has affirmed that the federal carjacking statute, 18 U.S.C. § 2119, is Constitutional and not beyond Congress' authority under the Commerce Clause. See United States v. Garcia, 27 F. App'x 957, 959 (10th Cir. 2001)("Section 2119 criminalizes particular carjackings based not solely upon the aggregate effect of carjackings but, rather, based upon an individualized determination that the automobile in question 'has been transported, shipped, or received in interstate or foreign commerce.' § 2119. Thus, § 2119 remains constitutional after Morrison.").[2] The Tenth Circuit similarly affirms the Constitutionality of the federal Hobbs Act statute and states that the "'jurisdictional predicate of the Hobbs Act can be satisfied by a showing of any de minimis effect on commerce.'" United States v. Malone, 222 F.3d 1286, 1294 (10th Cir. 2000). The Court

---

[2] United States v. Garcia, 27 F. App'x 957 (10th Cir. 2001) is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Garcia, has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

therefore concludes that Ramirez' facial challenges to the carjacking's and Hobbs Act charges' Constitutionality fails. Further, to the extent that Ramirez argues that the Hobbs Act charge is not supported by a federal jurisdictional nexus in the indictment, the Court notes that the Tenth Circuit states that "it is not necessary for the indictment in a Hobbs Act case to allege the exact nature of the interference with commerce." United States v. Boston, 718 F.2d 1511, 1515 (10th Cir. 1983). "The general allegations that defendant knowingly, willfully, and unlawfully attempted 'to obstruct, delay or effect (sic) commerce and the movement of articles and commodities in commerce, as the term commerce is defined in [the Hobbs Act] by extortion,' were sufficient." United States v. Boston, 718 F.2d at 1515-16. The Third Superseding Indictment alleges that Ramirez

> obstructed, delayed, and affected, and attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951, that is, the defendant attempted to obtain United States currency from John Doe and Jane Doe with their consent by means of actual and threatened force, violence, and fear.

Third Superseding Indictment at 4-5. The Court concludes, therefore, that the Third Superseding Indictment contains the necessary jurisdictional nexus to support the Hobbs Act charge. Accordingly, the Court determines that federal jurisdiction sufficiently supports all of the charges in the Third Superseding Indictment -- kidnapping, conspiracy to kidnap, carjacking, and Hobbs Act -- and the Court declines to dismiss the Third Superseding Indictment.

**IT IS ORDERED** that the Defendant Jose Ramirez' Motion to Dismiss Indictment for Lack of Federal Jurisdiction, filed July 21, 2025 (Doc. 235)("MTD"), is denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Todd Blanche
Acting United States Attorney General
Ryan Ellison
First Assistant United States Attorney
Jack Burkhead
Sarah Mease
Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Nicole Moss
The Law Office of Nicole Moss LLC
Albuquerque, New Mexico

*Attorney for the Defendant*