**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 18-3890 JB

JOSE RAMIREZ,

Defendant.

**MEMORANDUM OPINON AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion to Dismiss Criminal Case for Speedy Trial Violation, filed September 26, 2025 (Doc. 272)("MTD"); (ii) the United States' Motion to Reconsider Court's Order Excluding United States' Expert Witness, filed October 21, 2025 (Doc. 302)("MTR"); (iii) the United States' Opposed Motion to Continue November 3, 2025 Trial Setting and Request for a Definite Trial Date of December 8, 2025, filed October 23, 2025 (Doc. 303)("United States' Motion to Continue"); (iv) Mr. Ramirez' Opposed Motion to Stay Proceedings, filed October 23, 2025 (Doc. 306)("Motion to Stay"); and (v) the Defendant's Motion for Certificate of Appealability, filed November 7, 2025 (Doc. 315)("MCOA"). The Court holds a hearing on October 27, 2025. See Clerk's Minutes at 1, filed October 27, 2025 (Doc. 309). The primary issues are: (i) whether the Court should dismiss the criminal case against Defendant Jose Ramirez because of a Speedy Trial Act violation; (ii) whether the Court should reconsider its prior ruling excluding Plaintiff the United States of America's DNA evidence because the United States discloses the evidence seven days before the first trial, and allow the United States to introduce its DNA witness during the re-trial; (iii) whether the Court should continue the November 3, 2025, trial setting and set the re-trial for a definite trial date of December 8, 2025; (iv) whether the Court should stay the trial pending resolution of the federal government's

lack of available funds for the courts and the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"), lawyers; and (v) whether the Court should certify for appeal the Court's denial of Defendant Jose Ramirez' MTD. The Court concludes: (i) there has not been a Speedy Trial Act violation and accordingly the Court does not dismiss the criminal complaint against Ramirez; (ii) that the United States may introduce its DNA witness at the re-trial; (iii) the Court continues the November 3, 2025 trial setting and sets the re-trial for a definite trial date of December 8, 2025; (iv) the Court does not stay the trial pending resolution of the federal government's lack of funding for the courts and the CJA lawyers; and (v) the Court will not certify for appeal the Court's denial of Defendant Jose Ramirez' MTD.

## FACTUAL BACKGROUND

The Grand Jury files the initial Indictment against Ramirez for the 2018 kidnapping of John Doe on November 28, 2018. See Indictment at 1, filed November 28, 2018 (Doc. 7). On February 11, 2025, Ramirez is arrested in the Northern District of California. See Arrest of Jose Ramirez in Northern District of California, filed February 11, 2025. Ramirez makes an appearance in the United States District Court for the Northern District of California on February 11, 2025. See United States v. Jose Ramirez, Criminal Docket for Case #: 5:250mj070163-MAG-1 (N.D. Cal., filed February 19, 2025)(Doc. 166). On February 19, 2025, the Federal Bureau of Investigation executes the arrest warrant in this case. See United States' Notice of Intent to Introduce Evidence as Res Gestae and/or Bad Acts Pursuant to Federal Rule of Evidence 404(b) at 7, filed June 19, 2025 (Doc. 199). Ramirez' initial appearance before the Court is not until March 12, 2025. See Clerk's Minutes for Ramirez' Initial Appearance Proceedings, filed March 12, 2025 (Doc. 168).

The United States government shuts down on October 1st, 2025. See Motion to Stay ¶ 2, at 2. During the government shutdown, the federal judiciary as well as the CJA lawyers and service

providers cease receiving funds. See Mr. Ramirez' Motion to Strike Notice of Expert and to Exclude Proposed Expert, ¶ 2, at 2, filed October 4, 2025 (Doc. 284)("Motion to Strike"). Despite this lack of funding, the CJA lawyers continue to represent defendants in ongoing criminal proceedings. See Motion to Stay ¶ 7, at 5.

The Court tries Ramirez on charges stemming from the 2018 kidnapping for the first time on October 6, 2025. See MTR at 1. Before the start of the first trial, the United States files the United States' Notice of Intent to Offer Expert Witness Testimony (FBI Forensic Examiner Jerrilyn Conway), filed September 29, 2025 (Doc. 276)("Notice I"), and United States' Notice of Endorsed Expert Notice (DNA), filed September 29, 2025 (Doc. 277)("Notice II"), in which the United States requests that the Court issue an order recognizing the witness as an expert and permit the introduction of her testimony regarding DNA evidence. See Notice I at 2; Notice II at 2. The United States represents that the United States discloses this information to Ramirez on September 29, 2025, one week before trial. See MTR at 1. Although the United States acts with due diligence in disclosing the DNA evidence, the Court grants Ramirez' Motion to Strike Notice of Expert and to Exclude Proposed Expert, filed October 4, 2025 (Doc. 284), because the DNA report is not finalized until September 26, 2025, and, accordingly, the United States' "notice of intent to call a DNA expert witness was filed too late for the defense to have adequate time to identify, retain and present notice of intent to call a defense DNA expert." Order Striking Notice of Intent to Call Expert and Excluding Witness, at 1, filed October 7, 2025 (Doc. 290)("Order to Strike"). The first trial ends in a hung jury, with the Court declaring a mistrial on October 14, 2025. See Trial Transcript Day 6 at 11:21-25, taken October 14, 2025 (Court)("Trial Day 6 Tr.").

At the conclusion of Ramirez' first trial on October 14, 2025, the United States asks the Court about securing another definite trial setting, and the Court "orally advised that the parties

should confer with the Courtroom Deputy to obtain a definite trial setting." United States' Motion to Continue ¶ 2, at 1. The United States then communicates with the Court's Courtroom Deputy on October 15, 2025, "requesting weeklong blocks during which the Court is available to try the case." United States' Motion to Continue ¶ 3, at 1. The Court's Courtroom Deputy responds "on October 17, 2025, with three week-long options to re-try this case, the first starting on December 8, 2025." United States' Motion to Continue ¶ 3, at 1. The Court schedules the re-trial for November 3, 2025. See Notice of Jury Selection/Trial Before District Judge James O. Browning as to Defendant Jose Ramirez scheduled for 11/3/2025, filed October 20, 2025 (Doc. 301). On October 21, the United States files the MTR, asking the Court to reconsider its prior ruling from the first trial excluding its DNA witness. See MTR at 1. The United States government shutdown ends on November 12, 2025. See Catilin Yilek, Kathryn Watson, Kaia Hubbard, Government shutdown ends as Trump signs funding bill, capping longest lapse ever, CBS NEWS, (Nov. 12, 2025), https://www.cbsnews.com/live-updates/government-shutdown-latest-house-vote-senate-deal-trump/.

## PROCEDURAL BACKGROUND

The Court first discusses Notice I and Notice II, and then the Motion to Strike, before discussing the Pretrial Conference that the Court holds on October 3, 2025, where the parties discuss the issues presented in these motions. Next, the Court discusses the MTD and the MCOA. The Court then discusses the MTR. Finally, the Court discusses the Motion to Continue, and the Motion to Stay, before discussing the hearing the Court holds on the MTR, the Motion to Continue, and the Motion to Stay on October 27, 2025.

### 1. Notice I and Notice II.

In Notice I, the United States states its intent, pursuant to the Federal Rules of Criminal

Procedure 16(a)(1)(G), to introduce expert testimony from Federal Bureau of Investigation Forensic Examiner Jerrilyn Conway at trial. See Notice I at 1. The United States provides Conway's background and qualifications as an expert, including the fact that Conway holds a Bachelor of Science in Genetics and a Master of Science in Molecular Biology, as well as Conway's history of testifying approximately 30 times in federal court as an expert in forensic nuclear DNA typing and/or forensic serology. See Notice I at 2. The United States contends that Conway will educate the jury about DNA, along with her methods and procedures, and will testify "consistent with the Laboratory Report she authored in this case . . . ." Notice I at 2. The United States discloses that Conway will testify about a bottle that is found at the shed where the victim, John Doe, is held during the kidnapping, and testify that there is very strong support for the conclusion that Ramirez contributes to the DNA sample found on the bottle. See Notice I at 3. Notice II is substantively the same motion as Notice I. See Notice II 1-3.

**2. Motion to Strike.**

In the Motion to Strike, Ramirez states that trial is set to begin in the case on October 6, 2025, and that the United States files Notice I and Notice II late in the afternoon on Monday, September 29, 2025. See Motion to Strike ¶¶ 1-2, at 1-2. Ramirez states that he is unable to find an expert "on short notice who might be willing to take on this task of evaluating the Government's expert's work and preparing to testify at the October 6 trial, during a time in which CJA lawyers and service providers are not being paid." Motion to Strike ¶ 2, at 2. Ramirez maintains that it is unfair to "permit the Government to present its witness when the defense is unable to respond," and, accordingly, requests that the Court "strike the notice of intent to call the DNA expert and preclude the testimony of that expert at trial." Motion to Strike ¶¶ 3-4, at 2.

**3. The Pretrial Conference.**

At the Pretrial Conference before the first trial, held on October 3, 2025, Ramirez states that, because of funding issues with the CJA[1] and the short time that Ramirez has to engage a DNA expert, Ramirez is incapable of engaging a DNA expert for the trial that begins on October 6, 2025. See Transcript of Pretrial Conference at 52:16-20 (taken October 3, 2025)(Robert)("Pretrial Conference Tr.").[2] In response, the United States says that it understands "exactly where the defense is coming from" and that Ramirez is not "unreasonable." Pretrial Conference Tr. at 53:1-14 (Burkhead). The United States discloses that the United States receives the DNA results on September 29, 2025, but acknowledges that this fact does not negate Ramirez' point. See Pretrial Conference Tr. at 53:1-14 (Burkhead). The United States then acknowledges that it has two options, one being to request a continuance, which the United States does not intend to seek. See Pretrial Conference Tr. at 53:1-14 (Burkhead). The United States states that it will "defer to the decision on the DNA expert to the Court." Pretrial Conference Tr. at 53:1-14 (Burkhead). Given the circumstances, the Court excludes the DNA evidence. See Pretrial Conference Tr. at 53:15-18 (Court). The Court files an Order Striking Notice of Intent to Call Expert and Excluding Witnesses, filed October 7, 2025 (Doc. 290)("Order to Strike"), granting the Motion to Strike. See Order to Strike at 1. The CM/ECF docket reflects that Notice I and Notice II, Docs. 276 and 277, are struck.

**4. MTD.**

Ramirez files pro se before the start of the first trial a motion asking that the Court dismiss

---

[1] As of early July, 2025, the United States government run out of funds to pay CJA panel attorneys. See Issue Brief: The Fiscal Crisis in Federal Public Defense, ABA (October 8, 2025), https://www.americanbar.org/advocacy/governmental_legislative_work/priorities_policy/criminal_justice_system_improvements/federal-defenders-issue-brief/.

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

the criminal charges against him, because of a violation of his speedy trial rights pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. See MTD at 1. Ramirez states that the Grand Jury indicts him on November 28, 2018, and that he is arrested on January 12, 2025. See MTD at 1. Ramirez asserts that the Grand Jury files the Second indictment against him on June 25, 2025, and that, under the Speedy Trial Act, "the trial has to commence within seventy days from date of arrest because the defendant was already charged with an indictment." MTD at 1. Ramirez contends that the following Superseding Indictments, the Third and Fourth superseding indictments, do not stop the Speedy Trial clock, because the "clock started on January 12, 2025, and the third superseding indictment was filed on June 25, 2025, way past 70 days." MTD at 2. Ramirez contends that his attorney asks him twice for a continuance and both times he told his attorney that he does not want a continuance. See MTD at 3. Specifically, Ramirez represents that, the second time that his attorney mentions a continuance, his attorney justifies the continuance because the Court had another trial that week. See MTD at 3. Ramirez contends that the Court having a conflicting trial does not satisfy a continuance under 18 U.S.C. § 3161(h)(7)(C) and cites to Zedner v. United States, 547 U.S. 489 (2006). See MTD at 3. Ramirez therefore requests that the Court "dismiss his case for unreasonable delay that cause a speedy trial violation." MTD at 4.

**5. MCOA.**

Ramirez files pro se, after the conclusion of the first trial but before the start of the second trial, a motion for certificate of appealability on the Court's denial of Ramirez' MTD. See MCOA at 1. Ramirez explains that the MTD is based on an alleged violation of Ramirez' Speedy Trial Act rights. See MCOA at 1. Ramirez argues that the Court should not have granted a continuance in his case, because the "periods of delay should not have been granted for computing the time because they are not part of the long list of excluded time under 18 U.S.C. § 3161" and again cites to Zedner

v. United States. MCOA at 1.

**6. MTR.**

In the MTR, the United States requests that the Court reconsider its prior ruling excluding the United States' DNA witness. See MTR at 1. The United States contends that it first receives and discloses the DNA report on Monday, September 29, 2025. See MTR at 1. "The disclosure of this DNA report on September 29, 2025 occurred exactly one week ahead of trial, which commenced on October 6, 2025." MTR at 1. The Court excludes this DNA evidence, because of the short time between the release of the DNA evidence to Ramirez and the start of the first trial. See MTR at 1. Specifically, the Court concludes that, "notwithstanding the due diligence of the Government, its notice of intent to call a DNA expert witness was filed too late for the defense to have adequate time to identify, retain and present notice of intent to call a defense DNA expert." Order to Strike at 1. The United States requests that, given the additional time available to Ramirez before the re-trial to engage a DNA expert, the Court now reconsider its prior order of exclusion of the DNA expert. See MTR at 1-2.

**7. Motion to Continue.**

In the Motion to Continue, the United States moves to continue the re-trial of Ramirez from the November 3, 2025, trial setting and to set this matter for a firm trial date of December 8, 2025. See Motion to Continue at 1. The United States contends that, at the conclusion of the first trial of Ramirez on October 14, 2025, the United States asks the Court about securing another definite trial setting, and the Court "orally advised that the parties should confer with the Courtroom Deputy to obtain a definite trial setting." Motion to Continue ¶ 2, at 1. The United States then contends that, "as directed by the Court," it communicates with the Court's Deputy on October 15, 2025, "requesting weeklong blocks during which the Court is available to try the case." Motion to

Continue ¶ 3, at 1. The United States states that the "Court's Deputy responded on October 17, 2025, with three week-long options to re-try this case, the first starting on December 8, 2025." Motion to Continue ¶ 3, at 1. The United States mentions that it confers with Ramirez' counsel, as well as the United States' witnesses, and determines that every necessary party for the trial is available for trial during the week of December 8, 2025. See Motion to Continue ¶ 3, at 1-2. "At the conclusion of that process, the Court unexpectedly issued an Order setting this case for trial on November 3, 2025 [Doc. 301], which was not one of the dates proposed by the Court's deputy." Motion to Continue ¶ 4, at 2 (bracket in original). The United States contends that it then discusses the November 3 trial setting with its witnesses, and discovers that three important witnesses are not available for trial during the week of November 3: "One has military orders, a second is scheduled to testify in Alaska, and a third has an out-of-state conference." Motion to Continue ¶ 4, at 2. The United States references the MTR that it files and argues that the MTR tolls the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D). See Motion to Continue ¶ 5, at 2. The United States states that it has conferred with Ramirez' counsel and that Ramirez objects to a continuance only if the Court does not grant the MTR; if the Court grants the MTR, Ramirez does not object to the continuance, using this time to allow Ramirez to confer with an expert witness. See Motion to Continue ¶ 6, at 2. The United States concludes by stating that the United States will suffer "undue and extreme prejudice" if the trial goes forward on November 3, 2025. Motion to Continue ¶ 7, at 2. The United States argues that: (i) "pursuant to 18 U.S.C. § 3161(h)(7)(A), this request for a continuance is in the best interest of justice and outweighs the best interests of the defendant and the public in a speedy trial"; (ii) "pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a failure to grant the continuance will likely make a continuation of the proceedings impossible or result in a miscarriage of justice;" and (iii) "pursuant to 18 U.S.C. § 3161(h)(7)(B), this case is sufficiently unusual and

complex due to the nature of the prosecution that it is unreasonable to expect adequate preparations for the trial within the time limits occasioned by the Court's October 20, 2025, Order setting the trial for November 3, 2025." Motion to Continue ¶ 8, 2-3.

**8. Motion to Stay.**

In the Motion to Stay, Ramirez moves to stay further proceedings in the case "pending a resolution of the refusal of the broader government of this country to fund governmental operations, including the courts and the CJA." Motion to Stay ¶ 11, at 8. Ramirez states that the United States Treasury ran out of money to pay CJA counsel and service providers on July 3, 2025. See Motion to Stay ¶ 2, at 2. Then, the federal government shuts down on October 1, 2025. See Motion to Stay ¶ 2, at 2. Ramirez argues that, as a result of the "United State's Government's inability to fund his defense," he is stripped of his Constitutional rights. Motion to Stay ¶ 2, at 2. Ramirez moves to stay the proceedings based on "his right to appointed counsel at government expense." Motion to Stay ¶ 5, at 4. Ramirez maintains that, at the time that he files the Motion to Stay, "it is readily apparent that the congressional branch of our government does not take seriously its mandate to actually provide appointed counsel at government expense for indigent defendants across the country and there is no sign of any relief in sight." Motion to Stay ¶ 5, at 4. Accordingly, Ramirez moves for a stay of the proceedings pursuant to the Sixth Amendment to the United States Constitution -- U.S. CONST. amend. VI -- Gideon v. Wainwright, 372 U.S. 335 (1963), Ake v. Oklahoma, 470 U.S. 68 (1985), and the CJA. See Motion to Stay ¶ 2, at 2-3.

**9. The Hearing.**

The Court begins the hearing by addressing the MTR, and states that, given that the Court excluded the DNA evidence on the eve of the first trial, it appears to the Court as if it "makes sense to allow the Government to use [the DNA evidence], and then allow the defendant to call an expert."

See Hearing Transcript at 2:19-25 (taken October 27, 2025)(Court)("Hearing Tr.").[3] Ramirez responds by stating that if the trial goes forward on November 3, 2025, then Ramirez opposes granting the MTR, because Ramirez does not believe he can engage an expert for trial before November 3, 2025. See Hearing Tr. at 3:18-21 (Robert). The Court then asks Ramirez how he feels about the December 8 trial date, and Ramirez responds that if the Court is inclined to grant the MTR, then December 8 is the only date that makes sense, so that Ramirez can engage a DNA expert before trial. See Hearing Tr. at 4:3-15 (Court, Robert). Ramirez indicates that if the Court declines the MTR, however, then Ramirez is ready to proceed to trial immediately. See Hearing Tr. at 4:16-18 (Robert). The Court then states that it will grant the MTR, because it doesn't make sense to exclude good evidence, and asks Ramirez if he still opposes the Motion to Continue the trial to December 8. See Hearing Tr. at 4:19-25 (Court). Ramirez responds that he no longer opposes, because he needs time to respond with the DNA expert coming in. See Hearing Tr. at 5:2-3 (Robert). Ramirez states that, given the DNA expert coming in, "Mr. Ramirez in spite of his earlier filing regarding his speedy trial rights is okay with agreeing to a continuance because I think its in the interests of justice to the extent that he's allowed to respond to the Government's DNA expert." See Hearing Tr. at 5:13-22 (Robert). Ramirez agrees to file a motion to continue, but only conditioned on the premise of the Motion to Stay. See Hearing Tr. at 6:16-19 (Robert). The Court responds that, on the Motion to Stay, he is continuing to sign CJA vouchers, and asks if they are not being paid. See Hearing Tr. at 6:20-23 (Court). Ramirez responds that they are not being paid, and that the CJA lawyers are "totally dependent on the kindness of strangers" when acquiring experts and other trial help, because they will not currently be paid for the work that they do. See

[3] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Hearing Tr. at 9:12-25 (Robert). The Court responds that its seems that the Motion to Stay "could have been appropriate at any point we had a CJA funding crisis" and asks what it is about today that causes Ramirez to file this motion. See Hearing Tr. at 12:9-14 (Court). Ramirez responds that the pain threshold increases with each passing day as the CJA continues to lack funding. See Hearing Tr. at 13:1-8 (Robert). The United States responds that this is not the first time that the CJA has lacked funding, and that delaying criminal trials and criminal prosecutions is not an appropriate response. See Hearing Tr. at 14:2-6 (Mease). Additionally, the United States argues that there are some interests in this particular case that would be frustrated if the Court were to stay the case, because the crime occurred in 2018 and the trial is now occurring in 2025. See Hearing Tr. at 14:6-14 (Mease). The Court concludes that it will not grant the stay, because attorneys and experts are continuing to accept and do work, and so at this time the defendant's Sixth Amendment rights are not affected. See Hearing Tr. at 17:13-22 (Court). The Court then asks the parties what the status of the Speedy Trial Act is. See Hearing Tr. at 18:8-10 (Court). The United States responds that after the MTD is filed, only six or eight days had passed on the Speedy Trial clock, before the first trial. See Hearing Tr. at 18:16-20 (Mease). In response to questioning from the Court, the United States states that, even if the clock does not reset upon the declaration of a mistrial, the United States believes that it is still within the 70 day time limit, "maybe at the two weeks mark or less." See Hearing Tr. at 19:11-19 (Court, Mease). The United States clarifies that it means only two weeks of un-tolled time have passed since the original start of the Speedy Trial clock. See Hearing Tr. at 19:23-25 (Mease). Ramirez agrees that the Court's order setting a trial date of "whatever" would not have any impact on the speedy trial calculations. Hearing Tr. at 22:1-4 (Robert).

## ANALYSIS

The Court first addresses the MTD, and determines that there has not been a Speedy Trial Act, 18 U.S.C. § 3161, violation, and, accordingly, the Court does not dismiss the criminal complaint against Ramirez. Second, the Court discusses the MTR and concludes that the United States may introduce its DNA witness at the re-trial. Third, the Court considers the Motion to Continue, and continues the November 3, 2025 trial setting and sets the re-trial for a definite trial date of December 8, 2025. Fourth, in response to the Motion to Stay, the Court does not stay the trial pending resolution of the federal government's lack of funding for the courts and the CJA lawyers. Finally, the Court discusses the MCOA and concludes that the Court will not certify for appeal the Court's denial of Ramirez' MTD.

## I. THERE IS NO SPEEDY TRIAL ACT VIOLATION, AND, ACCORDINGLY, THE COURT DOES NOT DISMISS THE CRIMINAL COMPLAINT AGAINST RAMIREZ.

Ramirez requests, filing pro se, that the Court "dismiss his case for unreasonable delay that cause a speedy trial violation." MTD at 4. Ramirez argues that the Grand Jury files the Second Indictment on June 25, 2025, and that "[u]nder the Speedy Trial Act the trial has to commence within seventy days from date of arrest because the defendant was already charged with an indictment." MTD at 1. Ramirez maintains that "superseding indictments with the same charges does not stop the speedy trial clock" and that the trial clock starts on January 12, 2025, with the Grand Jury filing the Third Superseding Indictment filed on June 25, 2025 (Doc. 203), "way past 70 days." MTD at 2. The Court does not agree that a Speedy Trial Act violation occurs, and accordingly, does not dismiss the criminal complaint against Ramirez.

The Speedy Trial Act requires "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later." United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2005)(citing 18 U.S.C. § 3161(c)(1)). The Grand Jury files the initial

Indictment against Ramirez on November 28, 2018 (Doc. 6), but Ramirez' initial appearance before the Court is not until March 12, 2025. See Clerk's Minutes for Ramirez' Initial Appearance Proceedings, filed March 12, 2025 (Doc. 168).[4] Accordingly, under the Speedy Trial Act, Ramirez' trial must begin within seventy days of March 12, 2025, on May 20, 2025, unless time is excludable under § 3161(h). Ramirez' first trial begins on October 6, 2025. See Clerk's Minutes for Jury Trial held on 10/6/2025-10/10/2025 and 10/14/2025, filed October 14, 2025 (Doc. 322). The Court, therefore, must find 139 days of excusable time to be in compliance with the Speedy Trial Act.

Section 3161(h) contains numerous exceptions of excusable time to the Speedy Trial Act's seventy day rule. Relevant here, § 3161(h)(7)(A) excludes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

See 18 U.S.C. § 3161(h)(7)(A). In granting an ends-of-justice continuance, a district court must make explicit findings showing why the continuance is necessary. See United States v. Hernandez-

[4] Although Ramirez is initially arrested in California, and makes an appearance in the Northern District of California on February 11, 2025, see United States v. Jose Ramirez, Criminal Docket for Case #: 5:250mj070163-MAG-1 (N.D. Cal., filed February 19, 2025)(Doc. 166), the speedy-trial clock under the Speedy Trial Act "starts when the defendant appears in the court where the charges are 'pending.'" United States v. Black, 25 F.4th 766, 770 (10th Cir. 2022)(quoting 18 U.S.C. § 3161(c)). Because Ramirez' charges are pending in the District of New Mexico, and not the Northern District of California, the speedy-trial clock does not start until Ramirez' initial appearance in the District of New Mexico.

Mejia, 406 Fed. App'x 330, 336 (10th Cir. 2011)(unpublished).[5] Ramirez requests a continuance on March 28, 2025. See Defendant's Motion for Continuance of Trial Setting and Extension of the Pretrial Motions Deadline, filed March 28, 2025 (Doc. 178)("First Motion for Continuance"). In his First Motion for Continuance, Ramirez mentions that he has not received any discovery in the case, that he needs additional time "to properly investigate the facts and prepare for trial," and that starting trial on May 12, 2025 "significantly jeopardizes Mr. Ramirez' right to effective assistance of counsel and due process." First Motion for Continuance at 2-3. Accordingly, Ramirez requests an ends of justice continuance which continues the trial for at least ninety days. See First Motion for Continuance at 6. In the form of Order that Ramirez submits to the Court for review and execution, the Court, noting there "being good cause shown by the Defendant and there being no objection by the Government," concludes that the Court will grant the First Motion for Continuance. See Order Granting Unopposed Motion for Continuance, at 1, filed April 14, 2025 (Doc. 180)("First Order Granting Unopposed Motion for Continuance"). The Court concludes, in the Ramirez' form of order, that "due to the nature of the case and the process of disclosing

---

[5] United States v. Hernandez-Mejia, 406 Fed. App'x 330, 336 (10th Cir. 2011) is an unpublished opinion, but the Court can rely on a United States Court of Appeals for the Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Hernandez-Mejia has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

discovery, continuing investigations by all parties, possible settlement discussions and possible trial preparation, additional time is needed before trial can be conducted." First Order Granting Unopposed Motion for Continuance at 1. Wanting to make certain that it had made the explicit finding that the Speedy Trial Act requires, the Court added to the bottom of the form of order that Ramirez submits:

> After weighing the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed March 31, 2025 (Doc. 179). Specifically, additional time is needed to permit counsel to review discovery, conduct an investigation and engage in other work needed to permit counsel to review discovery, conduct an investigation and engage in other work needed to ensure motions practice is appropriate and necessary, outweighs the Defendant's and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The Court will set the trial for **August 11, 2025 at 9:00**. The pretrial motion deadline is **July 21, 2025**. This 90-day continuance is sufficient, without being greater than necessary; for the Defendant to complete the tasks set forth in the motion to continue.

First Order Granting Unopposed Motion for Continuance at 2 (handwriting in bold). The Court therefore grants Ramirez' First Motion for Continuance, granting a ninety day continuance, moving the trial to August 11, 2025. Subtracting ninety days from 139 means the Court must find forty-nine more days. Ramirez files a second motion for continuance on August 5, 2025, asking the Court to continue the August 11, 2025 trial setting. See Defendant's Motion for Continuance of Trial Setting and Extension of the Pretrial Motions Deadline, filed August 5, 2025 (Doc. 241)("Second Motion for Continuance"). In the Second Motion for Continuance, Ramirez lays out several reasons for the continuance, including: (i) "[d]iscovery continues to be disclosed by the government on an almost daily basis"; (ii) "[n]umerous motions in limine and pretrial notices have been filed by the government in the days leading up to the scheduled trial date"; (iii) "Mr. Ramirez has filed a motion for a James log and hearing [Doc.215] and a motion to dismiss for lack of federal jurisdiction

[Doc.235]. The speedy trial clock is tolled while these motions are pending"; and (iv) "[t]he government has filed a joint motion asking that this case be definitely set for trial on October 6, 2025 [Doc. 239]." See Second Motion for Continuance at 2-3. Ramirez represents that his continuance request is "made in order to protect Mr. Ramirez' constitutional rights to due process and effective assistance of counsel," and requests that an ends of justice continuance be granted, with the Court setting the case for trial on October 6, 2025 as a definite setting. Second Motion for Continuance at 3, 7. The Court, in the form of order to continue that Ramirez submits, concludes that Ramirez shows good cause and noting that the United States does not object, concludes that the Court should grant the Second Motion for Continuance. See Order Granting Unopposed Motion for Continuance, at 1, filed August 8, 2025 (Doc. 242)("Second Order Granting Unopposed Motion for Continuance"). In the Ramirez' form of order, the Court determines that "[a] continuance of the trial from its current setting will allow the Defendant to continue his investigation into the facts underlying the charges in this case, to review and investigate additional discovery as it is presented and to adequately prepare for trial." Second Order Granting Unopposed Motion for Continuance at 1. Again, the Court concludes the following at the bottom of the Ramirez' form of order:

> After weighing the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed August 5, 2025 (Doc. 241). Specifically, the Defendant needs to review discovery, discuss the filing of any pre-trial motions, and to discuss possible plea negotiations with his counsel, outweighs the Defendant's and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The Court will set the trial for **September 10, 2025 @ 9:00 am.** The pretrial motion deadline is **August 20, 2025.** This **30-**day continuance is sufficient, without being greater than necessary, for the Defendant to complete the tasks set forth in the motion to continue.

Second Order Granting Unopposed Motion for Continuance at 2 (handwriting in bold). The Court accordingly grants a thirty-day ends of justice continuance and continues the trial to September 10,

2025. See Second Order Granting Unopposed Motion for Continuance at 2. Ramirez files a third motion for continuance on August 20, 2025. See Mr. Ramirez' Unopposed Motion for Continuance of Trial Setting, filed August 20, 2025 (Doc. 251)("Third Motion for Continuance"). In the Third Motion for Continuance, Ramirez again seeks an ends-of-justice continuance, stating that he requests the continuance to "prepare for trial, prepare and file pretrial motions, and to continue to pursue plea negotiations with the government." Third Motion for Continuance at 3. Ramirez asserts that the "continuance requested herein will permit counsel to work to provide effective assistance of counsel." Third Motion for Continuance at 5. Ramirez therefore requests an ends-of-justice continuance of the current trial setting from September 10, 2025, to October 6, 2025. Third Motion for Continuance at 8. The Court once again finds, in Ramirez' form of order, that Ramirez shows good cause and notes that the United States does not object; accordingly, the Court grants the Third Motion for Continuance. See Order Granting Unopposed Motion for Continuance at 1, filed August 25, 2025 (Doc. 254)("Third Order Granting Unopposed Motion for Continuance"). Again, at the bottom of Ramirez' form of order, the Court adds:

> After weighing the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed August 20, 2025 (Doc. 251). Specifically, the Defendant**'s** needs to review discovery, to discuss the filing of any pre-trial motions, and to discuss possible plea negotiations with his counsel, outweighs the Defendant's and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The Court will set the trial for **October 6, 2025, 9:00 AM Trailing Docket.** The pretrial motion deadline is **September 10, 2025**. This BLANK day continuance is sufficient, without being greater than necessary, for the Defendant to complete the tasks set forth in the motion to continue.

Third Order Granting Unopposed Motion for Continuance (handwriting in bold). Concluding that granting the continuance serves the ends of justice, the Court grants a twenty-six day continuance to a firm trial setting of October 6, 2025. See Third Order Granting Unopposed Motion for

Continuance at 2. Adding up the excusable time under § 3161(h)(7)(A), the Court finds 146 days of excusable time, which is greater than the 139 days of excusable time necessary to comply with the Speedy Trial Act.

The Speedy Trial Act also excludes from the speedy trial clock "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Section 3161(h)(1)(H) refines the scope of subsection (D) by excluding periods of "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). "'If under advisement, the maximum excludable delay for the court's determination is 30 days.'" United States v. Margheim, 770 F.3d 1312, 1322 (10th Cir. 2014)(quoting United States v. Willie, 941 F.2d 1384, 1387 (10th Cir. 1991))(emphasis in United States v. Margheim, but not in United States v. Willie). The Supreme Court instructs that "under advisement" "begins at 'the time the court receives all the papers it reasonably expects.'" United States v. Margheim, 770 F.3d at 1322 (quoting Henderson v. United States, 476 U.S. 321, (1986)).

Looking at the docket for this case, the Court identifies numerous motions that satisfy 18 U.S.C. § 3161(h)(1)(D), including various motions to compel discovery, notices of intent to offer evidence, motions in limine, motion for james log, and motions to dismiss. Ramirez files a Motion to Compel Discovery on May 7, 2025 (Doc. 181). This motion tolls the speedy trial clock under § 3161(h)(1)(D) until the motion is disposed of on June 3, 2025, when Ramirez files a Notice of Withdrawal of Motion to Compel Discovery (Doc. 187). This totals an additional 27 days of excusable time under the Speedy Trial Act. Starting on June 19, 2025, the parties file many motions, including: (i) the United States' Motion in Limine to Exclude Any Information Only Known to

Defendant, filed June 19, 2025 (Doc. 196); (ii) the United States' Motion In Limine to Exclude Any Reference to Penalties or Sentencing Before the Jury, filed June 19, 2025 (Doc. 197); (iii) the United States' Motion In Limine to Prohibit Discussion of Plea Negotiations in Front of the Jury, filed June 19, 2025 (Doc. 198); (iv) the United States' Motion in Limine to Allow the Use of Transcripts as Demonstrative Aids, filed June 26, 2025 (Doc. 206); (v) the United States' Motion in Limine to Exclude Improper Hearsay, filed June 26, 2025 (Doc. 207); (vi) the United States' Motion in Limine to Permit Witnesses to Narrate Video Recordings, filed June 26, 2025 (Doc. 208); (vii) the Defendant's Motion for Order for Production of James Log and the Setting of a Hearing on This Motion, filed July 2, 2025 (Doc. 215); (viii) the United States' Motion in Limine for Pre-Trial Determination of Admissibility of Ransom Calls, filed July 6, 2025 (Doc. 223); (ix) the United States' Motion in Limine to Limit Cross Examination of Government Witness, filed July 19, 2025 (Doc. 234); (x) the Defendant's Motion to Dismiss Indictment for Lack of Federal Jurisdiction, filed July 21, 2025 (Doc. 235); (xi) the United States' Second Motion In Limine to Limit Cross Examination of Government Witnesses, filed July 25, 2025 (Doc. 238); and (xii) the United States' Amended Motion For Order Permitting Government to Issue Rule 17 Subpoena, filed August 15, 2025 (Doc. 248). The Court disposes of all these motions orally at a hearing that the Court holds on the above-listed motions on September 9, 2025. See Clerk's Minutes at 1, filed September 9, 2025 (Doc. 262). Many of these motions are pending for over thirty days before the Court disposes of them on September 9, 2025. Even, out of an abundance of caution, however, taking into account the rule that if motions are under the court's advisement, "'the maximum excludable delay for the court's determination is 30 days,'" United States v. Margheim, 770 F.3d at 1322 (quoting United States v. Willie, 941 F.2d at 1387, the Court determines that the motions overlap without thirty days expiring between the filing of another motion such that the entire time between June 19, 2025 and

September 9, 2025, constitutes excludable time. This excludable time totals 82 days of excludable time. Finally, on September 18, 2025, the United States files the United States' Motion to Reconsider Court's Oral Ruling Requiring Testimony of New Mexico Parole Officer Rebekah Wells to Be Elicited Through a Proxy Witness (Doc. 263). The Court resolves this motion at a hearing held on September 30, 2025. The Court therefore calculates 12 days of excusable time for the United States' Motion to Reconsider. Adding up all of the days of excusable time for pretrial motions under § 3161(h)(1)(D), the Court calculates 121 days of excludable time. Adding these 121 days to the 146 days of excludable time under § 3161(h)(7)(A) for continuances, the Court determines that there are 267 days of excludable time under the Speedy Trial Act before the first trial. 267 days of excludable time is more days of excludable time than the 139 days required for the Court to find for there not to be a Speedy Trial Act violation. Accordingly, the Court determines that, at the time of Ramirez' first trial, on October 6, 2025, the Court has not violated Ramirez' Speedy Trial Act rights.

Ramirez' first trial results in a hung jury, and the Court declares a mistrial. See Trial Day 6 Tr. at 11:21-25 (Court). Ramirez' second trial begins on December 8, 2025. See Clerk's Minutes for Jury Selection/Trial as to Jose Ramirez on 12/8/2025-12/12/2025, at 1, filed December 8, 2025 (Doc. 334). A defendant's speedy trial rights under the Speedy Trial Act reset after a mistrial, and the court must try the defendant within seventy days from the declaration of the mistrial. See 18 U.S.C. § 3161(e) ("If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final."). Accordingly, Ramirez' second trial must begin within seventy days of October 14, 2024, when the Court grants the motion for a mistrial. See Trial Day 6 Tr. at 11:21-25 (Court). Ramirez' second trial begins on December

8, 2025, which is fifty-five days after the Speedy Trial Act clock begins ticking. Ramirez' second trial, therefore, does not violate Ramirez' Speedy Trial Act rights, without even considering excusable days for tolling.

Ramirez states in the MTD, arguing pro se, that he does not agree to several of the continuances which his attorney requests:

> My attorney had told me that the government has asked my attorney to ask the court for continuance and I told him no. The second time my attorney said the judge has trial that week and we need to ask for a continuance and I said what is wrong with the judge, he don't remember the trial date? And I told him I don't want to. Then my attorney asked me again with his investigator and the investigator said he is on that case that is why he knew about the trial. I still told him no and he did anyways.
>
> I told my attorney that there is no continuance under 18 U.S.C. § 3161(h)(7)(C) and he made an excuse saying it was not that and I told him you just said it was because the judge was having trial that week. So I don't know what this last continuance was for and I would say it is a lie. See Zender v. United States, S. Ct. case law.

MTD at 3. First, the Court notes that it is under no duty to consider Ramirez' pro se motion at all, because, at all relevant times, including at the time that he files the MTD, outstanding counsel represents Ramirez. See United States v. Sandoval-De Lao, 283 F. App'x 621, 625 (10th Cir. 2008)("We have previously held that, because there is no constitutional right to a 'hybrid form of representation,' United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995), when defendants have the assistance of counsel, courts need not consider any filings made pro se.")(citing United States v. Bennett, 539 F.2d 45, 49 (10th Cir. 1976)). Second, the Court notes that in all three motions for continuance which Ramirez' attorney files on his behalf, the motion lays out clearly why the continuance is an ends-of-justice continuance. Ramirez files his pro se MTD on September 23, 2025, see MTD at 4; Ramirez' attorney files the Third Motion for Continuance on Ramirez' behalf on August 20, 2025. Accordingly, the Court assumes that the continuance against which

Ramirez protests in his MTD is the Third Motion for Continuance. Looking at the Third Motion for Continuance, the Court sees numerous statements that Ramirez' attorney writes on Ramirez' behalf which support the conclusion that this continuance is an ends-of-justice continuance under § 3161(h)(7):

> Specifically, Mr. Ramirez requests a continuance from the current setting to a definite trial setting on October 6, 2025 to prepare for trial, prepare and file pretrial motions, and to continue to pursue plea negotiations with the government. A continuance to that date is the minimum amount of time that is required to conduct such discussions and set this matter for a change of plea hearing if a resolution is reached.

Third Motion for Continuance at 3. Further, the Third Motion for Continuance addresses the tensions between Ramirez and his attorney regarding the request for continuance, and assures the Court that Ramirez is onboard with the continuance:

> Mr. Ramirez concurs with the filing of this motion for continuance and will not be prejudiced by the requested continuance, which will permit additional time to evaluate and file pretrial motions, to further investigate this case, and to prepare for trial . . . . The undersigned counsel have discussed Mr. Ramirez' speedy trial rights with him. Mr. Ramirez understands the need for a continuance and respectfully requests that the Court continue his trial from the current setting to a definite setting on October 6, 2025.

Third Motion for Continuance at 3.

Ramirez alleges that the Court impermissibly grants the continuance because the Court has another trial also set at the time of his trial date before the Court grants the Third Continuance. See MTD at 3 ("I told my attorney that there is no continuance under 18 U.S.C. § 3161(h)(7)(C) and he made an excuse saying it was not that and I told him you just said it was because the judge was having trial that week."); September 30, 2025 Status Conference Transcript at 14:23-15:11 (taken September 30, 2025)(Ramirez)("Status Conference Tr.")("It was him and her present when he told me that you were in court you were in trial reason my trial date was being moved is because you

would be in trial").[6] The Third Motion for Continuance provides sufficient grounds for an ends-of-justice continuance. See Third Order Granting Unopposed Motion for Continuance at 2 ("This motion is not predicated upon the congestion of the Court's docket . . . . the Defendant needs to review discovery, to discuss the filing of any pre-trial motions, and to discuss possible plea negotiations with his counsel . . . ."). Accordingly, the Court grants the continuance finding "that the ends of justice will be served by granting this continuance of the trial." Third Order Granting Unopposed Motion for Continuance at 1. The Court added a block at the end of the form of order that Ramirez provides, stating:

> After weighing the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed August 20, 2025 (Doc. 251). Specifically, the Defendant**'s** needs to review discovery, to discuss the filing of any pre-trial motions, and to discuss possible plea negotiations with his counsel, outweighs the Defendant's and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The Court will set the trial for **October 6, 2025, 9:00 AM Trailing Docket.** The pretrial motion deadline is **September 10, 2025**. This BLANK day continuance is sufficient, without being greater than necessary, for the Defendant to complete the tasks set forth in the motion to continue.

Third Order for Granting Unopposed Motion for Continuance at 2 (handwriting in bold). The Court concludes now, as it does on August 25, 2025, that the Third Continuance is a valid ends-of-justice continuance and not an impermissible continuance pursuant to § 3161(h)(7)(C) -- "no continuance . . . shall be granted because of general congestion of the court's calendar" -- as Ramirez alleges.[7]

---

[6] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[7] The Court has on multiple occasions selected multiple juries on the same day to avoid a Speedy Trial Act problem. The Court could have used that common technique here if Ramirez had not sought a continuance. Ramirez may not appreciate that, in this district, because of the crush of criminal cases, the Court has to run trailing dockets. Many trials are set on the same day. The Court cannot give firm settings too far in advance, because if the trial continues or settles, the

The actions of Ramirez' attorney bind Ramirez.[8] The Court therefore concludes that the Court does

---

gap would leave huge holes in the Court's docket. The Court has to double, triple, and multiple book to always have something to do. So just looking at the Court's docket on any given day may not tell the public much. The Court and the Courtroom Deputy Clerk know from talking to counsel and looking at activity in each case knows what cases are likely to try and when.

There are, at times, train wrecks. When no party seeks a continuance, the Court has to pick two or three juries in a single day. The Court picks multiple juries, swears them all in, and tries the oldest case first. The Court swears in the jury to stop the Speedy Trial Act clock.

Ramirez could have done all of this and had an earlier trial date. But while picking multiple juries is something that the Court does from time to time, the prospect of picking multiple juries at one time freaks out some lawyers. Picking two juries would not have bothered Ramirez' counsel in the least, because they are seasoned and good at what they do. But even experienced counsel sometimes and often prefer a firm setting for a host of reasons, particularly so that they can get witnesses here and fit the trial into their busy schedule.

And that is what occurred here. Ramirez' counsel wanted a firm setting. They wanted to retain a DNA expert. The Ramirez team made a conscious choice to move the trial, for good reasons, and Ramirez is not in a good position to complain about the move now.

[8] In the civil context, the Supreme Court recognizes that individuals must be "held accountable for the acts and omissions of their chosen counsel," and that the "proper focus is upon whether the neglect of respondents and their counsel was excusable." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 397 (1993). "At the same time, the Tenth Circuit has held that, when counsel acts without authority, rule 60(b)(1) provides relief from judgment." Nissen v. United States, No. CIV 21-0505 JB/SMV, 2021 WL 3663799 at * 8 n. 5 (D.N.M. Aug. 18, 2021)(Browning, J.)(citing Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996)). In Chavez v. Primus Automotive Financial Services, 125 F.3d 861, 1997 WL 634090 (10th Cir. 1997), the Tenth Circuit recognizes that "the mere employment of an attorney does not give him the actual, implied or apparent authority to compromise his client's case." 1997 WL 634090 at * 4. Few Tenth Circuit cases, however, analyze whether an attorney acts without authority. The cases in which the Tenth Circuit finds a lack of authority fall into two categories: (i) cases in which the attorney enters an appearance without the client's knowledge, see FDIC v. Oaklawn Apartments, 959 F.2d 170, 175-76 (10th Cir. 1992)(concluding that there are factual issues which the district court needs to resolve where "[t]here is nothing in the record indicating when Appellants became aware of the lawsuit and of Newcombe's purported representation"); and (ii) cases in which the attorney's actions terminate the litigation, see Thomas v. Colo. Tr. Deed Funds, Inc., 366 F.2d 136, 139-40 (10th Cir. 1966)(concluding that, as to one of the plaintiffs, "the record shows that he did not participate in the transactions and negotiations with the S.E.C. and did not consent to the execution of the stipulation of the judgment"); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)(citing with approval Surety Ins. Co. of Cal. v. Williams, 729 F.2d 581, 582-83 (8th Cir. 1984), which held that a "judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry."). "Although the Tenth Circuit does not appear to have expressed its views on where the line is drawn between attorneys acting without consent and litigation mistakes, or acknowledged

the tension between these two categories, the Court concludes that the appropriate division is, when the client is aware that the attorney is acting on his or her behalf, between decisions which dispose of the case and ordinarily require client consent, and other routine attorney decisions which take place over the course of the case." Nissen v. United States, No. CIV 21-0505 JB/SMV, 2021 WL 3663799 at * 8 n. 5 (D.N.M. Aug. 18, 2021)(Browning, J.). In the criminal context, the rules of professional conduct require, "[i]n a criminal case," for a lawyer to "abide by the client's decision, after consultation with the lawyer, as to the plea to be entered, whether to waive a jury trial and whether the client will testify." Model Rules of Prof'l Conduct R. 1.2(a). The Court determines that requesting an ends-of-justice continuance, even if requested without Ramirez' authority, is not an action by an attorney that supports a rule 60(b)(1) motion, or its equivalent in the criminal context. The continuance is not requested without Ramirez' knowledge of the representation, and it is not an action which terminates the litigation, therefore satisfying neither of the two categories of actions by an attorney which supports a rule 60(b)(1) motion. Further, requesting a continuance is not one of the three actions which the ethics rules require that an attorney abide by the client's wishes in the criminal context -- whether to enter a plea, whether to waive a jury trial, and whether the client will testify. See Model Rules of Prof'l Conduct R. 1.2(a).

If Ramirez is displeased with his attorney's actions, he may file an ineffective-assistance-of-counsel petition. The Court notes, however, that attorneys need not make every argument the client wants, nor must they file every pleading the client wants. Instead, most choices by counsel are entitled to a "virtually unchallengeable presumption of reasonableness." Newmiller v. Raemisch, 877 F.3d 1178, 1197 (10th Cir. 2017).

> Giving the attorney control of trial management matters is a practical necessity. The adversary process could not function effectively if every tactical decision required client approval. The presentation of a criminal defense can be a mystifying process even for well-informed laypersons. This is one of the reasons for the right to counsel. Numerous choices affecting conduct of the trial . . . depend not only upon what is permissible under the rules of evidence and procedure but also upon tactical considerations of the moment and the larger strategic plan for the trial. These matters can be difficult to explain to a layperson; and to require in all instances that they be approved by the client could risk compromising the efficiencies and fairness that the trial process is designed to promote . . . . In most instances the attorney will have a better understanding of the procedural choices than the client; or at least the law should so assume.

United States v. Oakes, 680 F.3d 1243, 1248-49 (10th Cir. 2012)(quoting Gonzalez v. United States, 553 U.S. 242, 249-50 (2008)). Further, the Tenth Circuit concludes that the Supreme Court's "guidance on trial management indicates that [an ends-of-justice continuance] does not require the defendant's personal acquiescence." United States v. Margheim, 770 F.3d 1312, 1319 n.3 (10th Cir. 2014)(citing New York v. Hill, 528 U.S. 110, 115 (2000)("[When] a specified delay in trial . . . is under consideration, only counsel is in a position to assess the benefit or detriment of the delay to the defendant's case."); Taylor v. Illinois, 484 U.S. 400, 418 (1988)("[T]he lawyer has -- and must have -- full authority to manage the conduct of the trial. The adversary process could not function effectively if every tactical decision required client approval."). Accordingly,

not violate Ramirez' Speedy Trial Act rights, before either Ramirez' first or second trial, and the Court accordingly denies the MTD and does not dismiss the criminal complaint against Ramirez.

## II. THE COURT ALLOWS THE UNITED STATES TO INTRODUCE ITS DNA EVIDENCE AND WITNESS AT THE RETRIAL.

The United States first receives and discloses the DNA report in this case on Monday, September 29, 2025, which occurs exactly one week ahead of the start of the first trial on October 6, 2025. See MTR at 1. The Court, finding that "notwithstanding the due diligence of the Government, its notice of intent to call a DNA expert witness was filed too late for the defense to have adequate time to identify, retain and present notice of intent to call a defense DNA expert," grants Ramirez' Motion to Strike Notice and Exclude Witness, filed October 4, 2025 (Doc. 284). Order Striking Notice of Intent to Call Expert and Excluding Witness at 1, filed October 7, 2025 (Doc. 290). The United States requests that, given the additional time available to Ramirez to prepare a response for the DNA evidence before the retrial, the Court reconsider its ruling excluding the DNA evidence. See MTR at 2.

The Court grants the United States' request. The only basis for exclusion of the DNA evidence before the first trial is that, through no fault of the United States, the evidence is disclosed "too late for the defense to have adequate time to identify, retain and present notice of intent to call a defense DNA expert." Order Striking Notice of Intent to Call Expert and Excluding Witness at 1. The United States discloses the DNA report on September 29, 2025, and the retrial begins on December 8, 2025. The time from the mistrial on October 14, 2025 and the retrial on December 8,

---

the Court concludes that, having determined that the continuances which Ramirez' attorney requests on his behalf are all appropriate ends-of-justice continuances, the failure of Ramirez' attorney to acquire Ramirez' consent is immaterial to the validity of the continuances. See United States v. Margheim, 770 F.3d at 1319 n.3 ("[W]e have taken the position that whether an ends-of-justice motion has tolling effect depends on whether the court made the necessary findings, not whether the defendant gave his blessing to the continuance.").

2025 is fifty-five days. As soon as the Court declares a mistrial, the prospect of the United States seeking to introduce the DNA is real and manifest. The United States files the Motion to Reconsider seven days after the mistrial and forty-nine days before the second trial. That time is sufficient for Ramirez to obtain a rebuttal DNA expert, should he choose to do so, and, accordingly, the justification for excluding the DNA expert does not apply in the retrial as it applies in the initial trial. The Court, therefore, reconsiders its original exclusionary ruling and allows the United States to introduce its DNA expert at the retrial.

## III. THE COURT CONTINUES THE NOVEMBER 3, 2025 TRIAL SETTING AND SETS THE RETRIAL FOR A DEFINITE TRIAL DATE OF DECEMBER 8, 2025.

At the conclusion of the first trial, the United States requests a definite trial setting for the retrial, and the Court orally advises the parties to confer with the Courtroom Deputy to obtain a definite trial setting. See United States' Motion to Continue at 1. The United States then confers with the Courtroom Deputy, requesting weeklong blocks during which the Court is available to try the case, and the Courtroom Deputy provides three weeklong options, the first starting on December 8, 2025. See Motion to Continue at 1. The Court then issues an Order setting the case for trial on November 3, 2025, see Notice of Jury Selection/Trial, filed October 20, 2025 (Doc. 301), because the Court is concerned about the Speedy Trial Act issues and no trial is set. The United States alleges that it "will suffer undue and extreme prejudice if forced to try this matter on November 3, 2025," because "three critical witnesses are not available that week: one has military orders, a second is scheduled to testify in Alaska, and a third has an out-of-state conference." Motion to Continue at 2. The Court notes that Ramirez conditionally opposes the continuance, unless the Court grants the MTR regarding the United States' DNA witness; should the Court grant the MTR, Ramirez no longer opposes the continuance, which allows him time to confer with an expert witness. See Motion to Continue at 2. Because the Court grants the MTR, see supra Section II at

27, Ramirez does not oppose the Motion to Continue. Ramirez then files Mr. Ramirez' Unopposed Motion for Continuance of Trial Setting, filed October 28, 2025 (Doc. 310). It is in response to Ramirez' Motion for Continuance that the Court grants the continuance, concluding specifically that "the Defendant needs time to adequately prepare for the testimony of the prosecution DNA expert and to prepare for trial, outweighs the Defendant's and the public's interest in a speedy trial." Order Granting Unopposed Motion for Continuance at 2, filed November 3, 2025 (Doc. 314).

## IV. THE COURT DOES NOT STAY THE RETRIAL PENDING RESOLUTION OF THE FEDERAL GOVERNMENT'S LACK OF FUNDING FOR THE COURTS AND CJA LAWYERS.

Ramirez moves for an immediate stay of the prosecution pursuant to the Sixth Amendment of the United States Constitution, Gideon v Wainwright, 372 U.S. 335 (1963), Ake v. Oklahoma, 470 U.S. 68 (1985), and the Criminal Justice Act, 18 U.S.C. §§ 3005, 3006A ("CJA"), because of the United States' inability to fund his defense. See Motion to Stay at 2-3. In support of his motion, Ramirez highlights that the United States Treasury runs out of money to pay CJA counsel and service providers on July 3, 2025, before the entire federal government shuts down on October 1, 2025. See Motion to Stay at 2. Ramirez argues that the "Sixth Amendment's guarantee to provide counsel to indigent defendants is meaningless if counsel cannot be compensated for their work. CJA was not designed to be a pro bono program," and argues that "the inability to compensate counsel for their work create[s] a violation of the guarantee of the right to counsel, [and] creates due process and equal protection violations." Motion to Stay at 3. Ramirez highlights that Congress has not yet approved a budget for the 2026 fiscal year, and the fact that the President of the United States appears to suggest that furloughed federal workers may not receive back pay, stating that "this type of unprecedented thought process does not inspire confidence in anyone working on behalf of the judicial branch as vendors of the United States Treasury." Motion to Stay

at 5. The Court determines that none of these arguments support the conclusion that a stay is appropriate in this case.

Ramirez alleges that the Court "has the authority and the obligation to fashion relief that neutralizes the infringement on Mr. Ramirez' Sixth Amendment rights." Motion to Stay at 7. The Court does not believe that there is anything unique about the current funding situation of the CJA panel or the federal government shutdown which serve to impair Ramirez' Sixth Amendment rights such that a stay of the case is appropriate. Funding for the CJA panel runs out on July 3, 2025, after Congress in March, 2025, freezes "all judicial branch funding at last year's levels as part of its continuing budget resolution." Austin Fisher, Some New Mexico Attorneys Stop Taking Public Defense Work Due to 'Funding Crisis', SOURCE NM (July 17, 2025), https://sourcenm.com /2025/07/17/some-new-mexico-attorneys-stop-taking-public-defense-work-due-to-funding-crisis/. Ramirez does not file his Motion to Stay until October 23, 2025, nearly four months later, with no explanation for the delay other than the assertion that: "The pain threshold increases with each passing day. So there is a time at which we're willing to absorb this . . . . But I mean, this is going to end up probably being the longest shut down in history and the outcome it is very much up in the air and uncertain." Motion Hearing Transcript at 12:15-21 (Robert), taken October 27, 2025 ("Motion Hearing Tr.").[9] Ramirez argues that the federal government shutdown only exacerbates the CJA funding crisis, because "whatever agreement is made to reopen the Government is going to have some element that funds the judiciary, and that's going to include elements that fund defender's services and that's going to affect everybody in the courtroom, well, that's on the CJA side . . . ." Motion Hearing Tr. at 11:20-12:1 (Robert).

[9] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

The Court acknowledges that the lack of funding for the CJA panel presents difficulties for the lawyers and trial services providers who must wait for payment, and does not seek to diminish these difficulties. The Court does not, however, believe that these difficulties rise to the level of an interference with Ramirez' rights such that a stay of the case is required. Ramirez' lawyers do not state that they refuse to provide representation, and Ramirez does not point to any trial resources which he cannot obtain because of the inability to pay for these resources. In fact, Ramirez even states that he is able to obtain two experts for the retrial who are willing to do the work for the trial on the assumption that they will be paid later even though they are not currently being paid. See Motion Hearing Tr. at 8:17-23 (Robert).

In the absence of any indication that the shutdown is actively affecting Ramirez' rights to representation, the Court does not find any reason to grant a stay, especially given that there are counter-interests which counsel against the granting of a stay in this case. First, the Court agrees with the United States that CJA funding problems are not unique to this district, and that this problem is a Congressional predicament which must Congress must solve at the national level; crippling the criminal justice system by refusing to allow criminal prosecutions to move forward, when there is no evidence that the efficacy of representation is being negatively affected, is not the answer. See Motion Hearing Tr. at 14:1-2 (Mease). Second, the Court must consider Ramirez' interests in a speedy resolution of his case, which as evidenced by the discussion above, Ramirez is eager to assert. Further, the case is now over seven years old, with the crime occurring in July, 2018, and the longer the time between the commission of the crime and the trial, the higher the likelihood that witnesses can become unavailable or evidence compromised. The Court concludes that the interests of justice weigh in favor of denying the request for a stay, and accordingly, denies the Motion to Stay.

## V. THE COURT DOES NOT CERTIFY FOR APPEAL THE COURT'S DENIAL OF RAMIREZ' MTD.

Ramirez files pro se the MCOA after the first trial but before the retrial on November 7, 2025. See MCOA at 1. Ramirez argues that he files a "28 U.S.C. § 2241 and my attorney read it to the court and was denied." MCOA at 1. Ramirez re-argues the Speedy Trial Act violation that he alleges in his MTD, stating that "[t]he periods of delay should not have been granted for computing the time because they are not part of the long list of excluded time under 18 U.S.C. § 3161." MCOA at 1 (citing Zedner v. United States). The Court concludes from the title of the motion that Ramirez seeks to request certification for an interlocutory appeal regarding the Court's oral denial of Ramirez' MTD on September 30, 2025 before Ramirez' first trial. See Status Conference Tr. at 15:18-21 (Court)("Yeah, well, like I said, you know, I'm not going to dismiss the indictment. Because I think that we are not in violation [of the] Speedy Trial Act."). The Court denies the motion.

The Court first notes, as it notes above in reference to Ramirez' MTD, which he also files pro se, that the Court is under no duty to consider the MCOA, because, at the time that Ramirez files this motion, counsel represents him. See United States v. Sandoval-De Lao, 283 F. App'x 621, 625 (10th Cir. 2008)("We have previously held that, because there is no constitutional right to a 'hybrid form of representation,' United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995), when defendants have the assistance of counsel, courts need not consider any filings made pro se.")(citing United States v. Bennett, 539 F.2d 45, 49 (10th Cir. 1976)). Beyond the fact that the Court is not obligated to consider the MCOA, however, the Court determines that it is inappropriate to allow an appeal of the denial of a Speedy Trial Act violation motion before the case has reached final decision before the Court. "This traditional and basic principle is currently embodied in 28 U.S.C. § 1291, which grants the federal courts of appeals jurisdiction to review 'all final decisions

of the district courts,' both civil and criminal." United States v. MacDonald, 435 U.S. 850, 853 (1978)(quoting 28 U.S.C. § 1291). "The rule of finality has particular force in criminal prosecutions because 'encouragement of delay is fatal to the vindication of the criminal law.'" United States v. MacDonald, 435 U.S. at 853-54 (quoting Cobbledick v. United States, 309 U.S. 323, 325 (1940)). The Supreme Court determines in United States v. MacDonald that an order denying a motion to dismiss an indictment on speedy trial grounds does not represent a "'complete, formal and, in the trial court, a final rejection'" of the defendant's claim such that it warrants suspension of the established rules against piecemeal review before final judgment. 435 U.S. at 857-858 (quoting Abney v. United States, 431 U.S. 651, 659 (1977)). The Tenth Circuit similarly holds that "denial of a motion to dismiss an indictment for failure to comply with the Speedy Trial Act is not an appealable collateral order . . . ." United States v. Hornung, 785 F.2d 868, 869 (10th Cir. 1986). Because Ramirez has not been convicted and sentenced at the time that he files the MCOA, the Court's ruling on his MTD denying his motion for dismissal is interlocutory. See United States v. Hornung, 785 F.2d at 869 ("Since defendant has not been convicted and sentenced, the district court's order denying his motion for dismissal is interlocutory."). The Court concludes that the Tenth Circuit forecloses this interlocutory appeal of the Court's denial of Ramirez' MTD for failure to comply with the Speedy Trial Act. Accordingly, the Court denies the MCOA.

**IT IS ORDERED** that: (i) the Defendant's Motion to Dismiss Criminal Case for Speedy Trial Violation, filed September 26, 2025 (Doc. 272), is denied; (ii) the United States' Motion to Reconsider Court's Order Excluding United States' Expert Witness, filed October 21, 2025 (Doc. 302), is granted; (iii) the United States' Opposed Motion to Continue November 3, 2025 Trial Setting and Request for a Definite Trial Date of December 8, 2025, filed October 23, 2025 (Doc. 303), is granted; (iv) Mr. Ramirez' Opposed Motion to Stay Proceedings, filed October 23, 2025

(Doc. 306), is denied; and (v) the Defendant's Motion for Certificate of Appealability, filed November 7, 2025 (Doc. 315), is denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Todd Blanche
United States Attorney General
Ryan Ellison
First Assistant United States Attorney
Jack Burkhead
Sarah Mease
Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Nicole Moss
The Law Office of Nicole Moss LLC
Albuquerque, New Mexico

*Attorney for the Defendant*